```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE DELIO MUNOZ,                  :

                 Plaintiff,        :    11 Civ. 3023 (DAB)(HBP)

    -against-                      :    REPORT AND
                                        RECOMMENDATION
TIANO'S CONSTRUCTION CORP.,        :
et al.,
                                   :
                 Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE DEBORAH A. BATTS, United States District Judge,

I. Introduction

By notice of motion dated November 16, 2011 (Docket Item 14), defendant Pythagoras General Contracting Corp. ("Pythagoras") and Safeco Insurance Company of North America ("Safeco") move to dismiss the complaint. Because Pythagoras and Safeco submitted an affidavit in support of their motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I construed the motion as a motion for summary judgment and issued an Order on May 18, 2012, advising the parties of this fact (Docket Item 35). My May 18 Order further advised the parties

that I intended to consider the affidavit submitted by Pythagoras and Safeco and advised plaintiff that he had until June 15, 2012 to submit any materials in opposition. My May 18 Order also incorporated the text of the notice to pro se litigants required by Local Civil Rule 56.2 and the full text of Rule 56 of the Federal Rules of Civil Procedure. Plaintiff did submit opposition papers on June 7, 2012 (Docket Item 36).

For the reasons set forth below, I respectfully recommend that summary judgment be granted dismissing the action as to Pythagoras and Safeco.

## II. Facts

The most relevant facts are set forth in the Affirmation of Lloyd Ambinder, Esq., dated November 9, 2011 (Docket Item 12) ("Ambinder Aff.") in support of his motion to dismiss the complaint as to him. Plaintiff does not controvert any of the material factual statements set forth in the Ambinder Aff.

On or about June 21, 2001, plaintiff, along with 12 other individuals, all of whom were represented by Ambinder, commenced an action in New York State court against a number of contractors and insurance companies seeking unpaid wages and benefits for work performed by the plaintiffs at a number of New York City Housing Authority projects (Ambinder Aff. ¶ 5).

Specifically, the state court complaint asserted causes of action against:  (1) Tiano's Construction Mitrani Cesare General Partnership for failing to pay prevailing wages and benefits in violation of the New York State Constitution; (2) Tiano's Construction Corp. for failing to pay prevailing wages and benefits in violation of the New York State Constitution; (3) Tiano's Construction Mitrani Cesare General Partnership for breach of contract; (4) Tiano's Construction Corp. for breach of contract; (5) Mitrani Plasterers Co. for breach of contract; (6) Pythagoras General Contracting Corp. for breach of contract; (7) GBE Alasia Contracting Corp. for breach of contract; (8) Tiano's Construction Mitrani Cesare General Partnership for quantum meruit; (9) Tiano's Construction Corp. for quantum meruit; (10) Tiano's Construction Mitrani Cesare General Partnership for unjust enrichment; (11) Tiano's Construction Corp. for unjust enrichment, and (12) three named insurance companies (Lumbermens Mutual Casualty Company, Safeco Insurance Company of America and St. Paul Mercury Insurance Conmpany) as sureties of the obligations alleged in the preceding causes of action.[1]

---

[1] Although the complaint from the state action is not part of the record in this action, it has been submitted as Exhibit C to the Affidavit of Derek A. Popeil, Esq., sworn to November 10, 2011 (Docket Item 19) in the companion case of Villa v. Tiano's Construction Corp., 11 Civ. 3026 (DAB)(HBP).  Its contents are
(continued...)

The trial court subsequently granted the defendants' motion for summary judgment dismissing plaintiffs' wage and benefit claims; that decision was affirmed by the Appellate Division (Ambinder Aff. ¶¶ 11-13). Araujo v. Tiano's Constr. Corp., 40 A.D.3d 458, 834 N.Y.S.2d 660 (1st Dep't 2007). Both courts concluded that no private right of action existed under the Davis Bacon Act. The New York Court of Appeals subsequently reversed, finding that plaintiffs' action could proceed as a breach of contract action. Cox v. NAP Constr. Co., 10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).

Plaintiff then returned to the trial court to engage in discovery and other pretrial proceedings (Ambinder Aff. ¶ 15). Two unsuccessful mediations were held in 2010 (Ambinder Aff. ¶¶ 18-21). Although plaintiff actively participated in the proceedings and mediations, he became increasingly dissatisfied with Ambinder's services (Ambinder Aff. ¶¶ 22-25). Ambinder subsequently moved to withdraw from representing plaintiff, and on November 23, 2010, the trial court Justice granted the motion (Ex. 1 to Ambinder Aff.). Ambinder also withdrew as counsel for

---

[1](...continued)
judicially noticeable for the fact that the allegations were made and the causes of action were asserted. Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); Weizmann Inst. of Science v. Neschis, 229 F. Supp. 2d 234, 247 n.20 (S.D.N.Y. 2002) (Berman, D.J.).

three other plaintiffs who were dissatisfied with his work (Ambinder Aff. ¶ 31).

Ambinder subsequently negotiated a settlement on behalf of the plaintiffs that he continued to represent (Ambinder Aff. ¶ 32). All disciplinary charges against Ambinder were closed without any action being taken (Ambinder Aff. ¶¶ 30, 33). Plaintiff, along with the three other plaintiffs who had formerly been represented by Ambinder, went to trial. The trial Justice granted the defendants' motion for a directed verdict at the close of plaintiffs' case, finding that plaintiffs had failed to offer evidence sufficient to prove the terms of the contract or that they had been underpaid (Ambinder Aff. ¶ 33; Defendants' Pythagoras General Contracting Corp. and Safeco Insurance Company of North America [sic] Memorandum of Law in Support of Motion to Dismiss, dated November 16, 2011 (Docket Item 17), Ex. A at 5-6 (transcript of state trial granting directed verdict for defendants)).

Plaintiff is proceeding pro se in this action and although he does not state his claims with the precision that would be expected of an attorney, he appears to be attempting to relitigate the claims he asserted in state court. Specifically, the complaint alleges:

5

>     I worked for the companies I am now suing and I
> never got paid for all hours of labor.  I worked most
> of the time 12 hrs a day and never got paid for it,
> only would they pay me for this or less. . . .
>
>                    *    *    *
>
>     I was not satisfied with the judge's dismissal of
> the case, without hearing the witness's testimon[ies]
> and without letting the jury make a decision.  I trust
> this time there will be justice.  All I ask is to be
> compensated for all the hours I worked and was not paid
> for from 1997 to 2001.

(Complaint (Docket Item 2) at §§ III, V).

III. <u>Analysis</u>

A fundamental principle of jurisprudence in the United States is that an individual with a claim is entitled a fair hearing or trial on that claim, and only one fair hearing or trial unless serious error occurs.  If the individual is dissatisfied with the result of that proceeding, his remedy is to seek appellate review, which can be pursued all the way to the United States Supreme Court.  A party who is dissatisfied with the outcome of a hearing or trial cannot, however, recommence a new action asserting the same claim a second time in the hope of obtaining a different result.  <u>See</u> <u>United States v. Tohono O'Odham Nation</u>, 131 S.Ct. 1723, 1730 (2011) ("[T]he doctrine of claim preclusion, or <u>res</u> <u>judicata</u>, . . . bars 'repetitious suits involving the same cause of action' once 'a court of competent

jurisdiction has entered a final judgment on the merits.'"); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008) ("Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (inner quotation marks and citation omitted)).

  Except for matters brought before the United States Supreme Court on direct appeal, federal courts do not review or oversee the work of state courts in civil cases. See Johnson v. De Grandy, 512 U.S. 997, 1005 (1994) ("[U]nder [the Rooker/Feldman abstention doctrine], a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. . . . "); ASARCO Inc. v. Kadish, 490 U.S. 605, 622 (1989) ("The Rooker-Feldman doctrine interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in th[e United States Supreme] Court."); In re Wilson, 410

F. App'x 409, 410 (2d Cir. 2011) ("Under the Rooker-Feldman doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments.").[2]

Where as here, a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered. Marrese v. Am. Acad. of Orthopedic Suregeons, 470 U.S. 373, 379-80 (1985); Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994).  New York applies a transactional approach to res judicata, holding that it bars not only the claims that were actually litigated, but that it also bars claims arising out of the same facts that could have been litigated in the earlier litigation:

> Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter.  The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litiga-tion.  The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again (see O'Connell v Corcoran, 1 NY3d 179, 184-185 [2003]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481,

---

[2] I mention the Rooker-Feldman doctrine because it appears that the plaintiff, who is proceeding pro se, may be under the misapprehension that federal courts oversee state courts. Federal courts have no such oversight role.

> 485 [1979]). Additionally, under New York's trans-
> actional analysis approach to res judicata, "once a
> claim is brought to a final conclusion, all other
> claims arising out of the same transaction or series of
> transactions are barred, even if based upon different
> theories or if seeking a different remedy" (O'Brien v
> City of Syracuse, 54 NY2d 353, 357 [1981], citing
> Matter of Reilly v Reid, 45 NY2d 24, 29-30 [1978]).
> "Res judicata is designed to provide finality in the
> resolution of disputes," recognizing that "[c]onsid-
> erations of judicial economy as well as fairness to the
> parties mandate, at some point, an end to litigation"
> (Reilly, 45 NY2d at 28).

In re Hunter, 4 N.Y.3d 260, 269-70, 827 N.E.2d 269, 274-75, 794 N.Y.S.2d 286, 291-92 (2005); accord Ryan v. New York City Dep't of Educ., 11-Civ-1628, 2011 WL 4899923 at *3 (E.D.N.Y. Oct. 13, 2011) (Weinstein, D.J.); Kachalsky v. Cacace, 817 F. Supp. 2d 235, 254 (S.D.N.Y. 2011) (Seibel, D.J.).

Read leniently, plaintiff's complaint can be construed as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 291, et seq., arising out of work plaintiff performed between 1997 and 2001 (Complaint (Docket Item 2) at § III(B)). These are clearly claims that could have been asserted in plaintiff's state court action, and that arise out of the same facts that gave rise to the state action. Under the transactional approach to res judicata applied by New York's courts, they are, therefore, barred here.

In addition, any claims that plaintiff may have under the FLSA are time barred. As noted above, the complaint ex-

9

pressly alleges that plaintiff's claims arise out of events occurring between 1997 and 2001 (Complaint (Docket Item 2) at § III(B)).  This action was commenced on April 28, 2011, when the complaint was received by the Court's Pro Se Office.  An action under the FLSA must be commenced within two years of non-willful violations and within three years of willful violations.  29 U.S.C. § 255.  Thus, even if I assume a willful violation here, the action was commenced approximately seven years after the expiration of the most favorable limitations period available.

Thus, because (1) plaintiff is attempting to assert claims against Pythagoras and Safeco that he could have asserted against them in the earlier state court action and (2) any claim under the FLSA is time-barred, Pythagoras and Safeco's motion to dismiss the complaint as to them should be granted.  Because these two grounds are such clear and insurmountable obstacles to plaintiff's claims, I do not address Pythagoras and Safeco's other arguments.

IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that Pythagoras and Safeco's motion for summary judgment (Docket Item 14) be granted and that the action be

dismissed as to Pythagoras and Safeco on the basis of res judicata and the statute of limitations.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        July 6, 2012

                                        Respectfully submitted,

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Mr. Jose Delio Munoz
1032 Ogden Avenue
Apt #3
Bronx, New York  10452

Vincent M. Gerardi, Esq.
Law Office of Vincent M. Gerardi
1539 Franklin Avenue
Mineola, New York  11501

Lloyd R. Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway
New York, New York  10006