UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JOSE DELIO MUNOZ,                       :

                    Plaintiff,          :    11 Civ. 3023 (DAB)(HBP)

       -against-                        :    REPORT AND
                                             <u>RECOMMENDATION</u>
TIANO'S CONSTRUCTION CORP.,             :
<u>et</u> <u>al</u>.,
                                        :

                    Defendants.         :
----------------------------------X


            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE DEBORAH A. BATTS, United States

District Judge,


I.   <u>Introduction</u>


            By notice of motion dated August 7, 2012,[1] defendants

Tiano's Construction Corp. ("Tiano") and Mitrani Plasterers Co.

Inc. ("Mitrani") (collectively, "Defendants") move to dismiss the

complaint as against them.[2]

---

       [1]Neither the motion nor its supporting papers was filed
electronically through the ECF system.

       [2]Although the title of the memorandum of law Tiano and
Mitrani submitted in support of their motion also referred to
Tiano's Construction Mitrani Ceasare General Partnership, another
defendant named in this action, the notice of motion itself did
not seek relief with respect to this defendant.  Given this
                                             (continued...)

Because Defendants submitted an affidavit in support of their motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I construed the motion as a motion for summary judgment and issued an order on February 6, 2013, advising the parties of this fact (Docket Item 43).  My February 6 Order further advised the parties that I intended to consider the affidavit submitted by Defendants and advised Munoz that he had until February 27, 2013 to submit any material he wished to offer in opposition.  My February 6 Order also incorporated the text of the notice to pro se litigants required by Local Rule 56.2 and the full text of Rule 56 of the Federal Rules of Civil Procedure. Munoz timely submitted an additional affidavit dated February 22, 2013, but did not attach an affidavit of service (Affidavit of Jose Delio Munoz, dated February 22, 2013 ("Munoz Aff.")). Although this affidavit is procedurally deficient, I have considered its contents.  I note that it does not set forth any facts materially different from those alleged in the complaint nor does it controvert any of the facts in Defendants' submissions.

---

[2](...continued)
discrepancy and plaintiff's pro se status, I shall construe the motion as seeking relief only as to defendants Tiano and Mitrani, the defendants identified in the notice of motion.

For the reasons set forth below, I respectfully recommend that summary judgment be granted dismissing the action as to Tiano and Mitrani.

II.  Facts

The relevant facts are set forth in the Affidavit of Christopher R. Ross, Esq., dated August 7, 2012 ("Ross Aff."), which is not controverted by Munoz.

On or about June 21, 2001, Munoz, along with 12 other individuals, commenced an action in New York State Supreme Court against a number of contractors and insurance companies seeking unpaid wages and benefits for work performed by the plaintiffs at a number of New York City Housing Authority projects (Ex. A to Ross Aff.).

Pretrial motions were filed in the state court action, and the rulings on these motions were the subject of several appeals (Ross Aff. ¶ 9).  Ultimately, the New York Court of Appeals affirmed the dismissal of several of plaintiffs' causes of action, but reinstated plaintiffs' breach of contract and suretyship claims (Ross Aff. ¶ 9).  See Cox v. NAP Constr. Co., 10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).  A trial was held on these claims and resulted in the complete dismissal of the claims (Ross Aff. Ex. B at 3, 7).

Munoz commenced this action on April 28, 2011 (Docket Item 2 ("Compl.")).  He alleges that he worked for Defendants from February 8, 1997 to August 24, 2001 (Munoz Aff. ¶ 3; <u>see also</u> Compl. at III.B).  He further alleges that he "never got paid for all hours of labor" and that he "worked most of the time 12 hrs a day and never got paid for it" (Compl. at III.C; <u>see also</u> Munoz Aff. ¶¶ 4-6).  He also alleges Defendants paid him "for 7 hrs or less" (Compl. at III.C; <u>see also</u> Munoz Aff. ¶ 6). He seeks "to be compensated for all the hours I worked and was not paid for from 1997 to 2001" (Compl. at V).

Tiano and Mitrani move to dismiss the complaint as against them on the grounds that (1) Munoz's claims are time-barred and (2) there is no private right of action under the Davis-Bacon Act.

III.  <u>Analysis</u>

   A.  <u>Summary Judgment Standard</u>

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence

4

of an essential element of [his] case -- one on which
[he] has the burden of proof -- exists.  See Celotex
Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This form
of remedy is inappropriate when the issue to be re-
solved is both genuine and related to a disputed mate-
rial fact.  An alleged factual dispute regarding imma-
terial or minor facts between the parties will not
defeat an otherwise properly supported motion for
summary judgment.  See Howard v. Gleason Corp., 901
F.2d 1154, 1159 (2d Cir. 1990).  Moreover, the exis-
tence of a mere scintilla of evidence in support of
nonmovant's position is insufficient to defeat the
motion; there must be evidence on which a jury could
reasonably find for the nonmovant.  Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 252 (1986).

If the movant demonstrates an absence of a genuine
issue of material fact, a limited burden of production
shifts to the nonmovant, who must "demonstrate more
than some metaphysical doubt as to the material facts,"
and come forward with "specific facts showing that
there is a genuine issue for trial."  Aslanidis v.
United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.
1993).  If the nonmovant fails to meet this burden,
summary judgment will be granted against it.  Gallo v.
Prudential Residential Servs., 22 F.3d 1219, 1224 (2d
Cir. 1994).

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir.

2004); accord Jeffreys v. City of New York, 426 F.3d 549, 553-54

(2d Cir. 2005); Gallo v. Prudential Residential Servs., Ltd.,

supra, 22 F.3d at 1223-24.

"The party seeking summary judgment has the burden to

demonstrate that no genuine issue of material fact exists . . . .

In determining whether a genuine issue of material fact exists, a

court must examine the evidence in the light most favorable to,

and draw all inferences in favor of, the non-movant . . . .

Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" <u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 253-54 (2d Cir. 2002) (citations omitted). <u>See also Jeffreys v. City of New York</u>, <u>supra</u>, 426 F.3d at 553 ("'Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.'"), <u>quoting Rule v. Brine, Inc.</u>, 85 F.3d 1002, 1011 (2d Cir. 1996); <u>accord Make the Road by Walking, Inc. v. Turner</u>, 378 F.3d 133, 142 (2d Cir. 2004); <u>Dallas Aerospace, Inc. v. CIS Air Corp.</u>, 352 F.3d 775, 780 (2d Cir. 2003).

B. <u>Munoz's Claims</u>

Read leniently, Munoz's complaint can be construed as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 291, <u>et seq.</u>, arising out of work he performed for Tiano and Mitrani (Compl. at III.C). I conclude that any claims that Munoz may have under the FLSA are time-barred.

As noted above, Munoz's claims arise out of events occurring between 1997 and 2001 (Compl. at III.B, V; Munoz Aff. ¶ 3). This action was commenced on April 28, 2011, when the complaint was received by the Court's Pro Se Office. An action under the FLSA must be commenced within two years of non-willful violations and within three years of willful violations. 29

U.S.C. § 255.  Thus, even if I assume a willful violation here, the action was commenced approximately seven years after the expiration of the most favorable limitations period available. Accordingly, this action is time-barred.

Finally, Defendants' argument that Munoz's complaint should be dismissed based on Grochowski v. Phoenix Construction Corp., 318 F.3d 80 (2d Cir. 2003), misses the mark.  In Grochowski, the Court of Appeals for the Second Circuit considered the Davis-Bacon Act, which "requires that all laborers and mechanics working on federally funded construction projects be paid not less than the prevailing wage in the locality where the work is performed."  318 F.3d at 85, citing 40 U.S.C. § 276a. The court held that a plaintiff cannot bring common law breach of contract or quantum meruit claims to enforce the prevailing wage schedules contained in the Davis-Bacon Act.  Grochowski v. Phoenix Constr. Corp., supra, 318 F.3d at 86.  It reasoned that because there is no private right of action under the Davis-Bacon Act, "to allow a third-party private contract action aimed at enforcing those wage schedules would be 'inconsistent with the underlying purpose of the legislative scheme [of administrative remedies] and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute."  Grochowski v. Phoenix Constr., supra, 318

7

F.3d at 86; accord Gunther v. Capital One, N.A., 703 F. Supp. 2d
264, 271 (E.D.N.Y. 2010).  Thus, if Munoz had brought a state law
claim based on Defendants' failure to comply with the wage
provisions required by Davis-Bacon Act, Defendants are correct
that Grochowski would bar that claim.  Grochowski does not,
however, apply here because it does not appear that Munoz is
asserting state law claims.[3]

## IV.  Conclusion

Accordingly, for all the foregoing reasons, I respect-
fully recommend that summary judgment be granted in favor of
defendants Tiano and Mitrani and that this action be dismissed as
against them.

## V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,

---

[3]I also note that any state law claims would have to be
founded on diversity jurisdiction, which appears to be lacking
here.  In his complaint, Munoz list both his address and
Defendants' addresses as in New York state (Compl. at I.A, I.B).

8

with courtesy copies delivered to the Chambers of the Honorable
Deborah A. Batts, United States District Judge, 500 Pearl Street,
Room 2510, and to the Chambers of the undersigned, 500 Pearl
Street, Room 750, New York, New York 10007.  Any requests for an
extension of time for filing objections must be directed to Judge
Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT
IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.
Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male
Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension
Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.
Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair
Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714
F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        February 28, 2013

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Jose Delio Munoz
1032 Ogden Avenue
Apt. #3
Bronx, New York 10452

Christopher C. Ross, Esq.
Law Office of Christopher Ross
573 South Country Rd
East Patchogue, New York  11772

Lloyd Robert Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway
New York, New York  10006