USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE DELIO MUÑOZ,

                Plaintiff,        11 Civ. 3023 (DAB)
                                        ADOPTION OF REPORT
     v.                            AND RECOMMENDATION

TIANO'S CONSTRUCTION CORP., et al.,

                Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     This matter is before the Court upon the May 18, 2012 Report and Recommendation (Docket Number 34) of United States Magistrate Judge Henry B. Pitman, as amended by Judge Pitman's February 28, 2013 Order (Docket Number 45). Judge Pitman's Report and Recommendation (the "Report") recommends that this action be dismissed against Defendants Tiano's Construction Mitrani Cesare General Partnership, GBE Alasia Contracting Corp., Lumbermens Mutual Casualty Company, and St. Paul Mercury Insurance Company on the ground that Plaintiff has not completed service of the Summons and Complaint within the time permitted by Fed. R. Civ. P. 4(m). (Report at 3.)

     "Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the Report

to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted).

2

"Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted)).

On June 7, 2012, Plaintiff filed an "Affirmation in Opposition to Motion," which the Court construes as an Objection to the Report.[1] Plaintiff's Objection does not address or rebut the Report's finding that Plaintiff's failure to complete service of the Summons and Complaint within the time permitted by Fed. R. Civ. P. 4(m) warrants dismissal of the action. (Report at 3.) Instead, Plaintiff reiterates his previous argument that he was underpaid and notes that he "wish[es] to continue with the case." (Pl. Obj. at 3.)

Plaintiff's Objections are insufficient to trigger de novo review of the Report.  The Court therefore reviews the Report for

---

[1] Plaintiff filed additional Objections on July 6, 2012, July 23, 2012 and September 11, 2012. It is not clear whether Plaintiff intended to object to this Report or other Reports filed in this matter (see Docket Nos. 37 and 38). Even were the Court to construe these Objections as responsive to this Report, they are insufficient to trigger de novo review because they are not clearly aimed at Judge Pitman's findings and merely reiterate Plaintiff's prior arguments.

3

clear error. The Court having found none, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge Henry Pitman, dated May 18, 2012, as amended by Judge Pitman's February 28, 2013 Order, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety. This action is hereby DISMISSED as to Defendants Tiano's Construction Mitrani Cesare General Partnership, GBE Alasia Contracting Corp., Lumbermens Mutual Casualty Company, and St. Paul Mercury Insurance Company. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         March 18, 2013

_____
Deborah A. Batts
United States District Judge

4